# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

ANTONIO DAVIS,            )
                          )
    Movant,               )
                          )
v.                        )
                          )  Case No. CV 613-082
UNITED STATES OF AMERICA, )  CR 605-3
                          )
    Respondent.           )

## REPORT AND RECOMMENDATION

Convicted in 2006 on drug charges and sentenced to 178 months' imprisonment (doc. 1),[1] Antonio S. Davis unsuccessfully appealed (cr. doc. 40) but never pursued 28 U.S.C. § 2255 relief until the instant filing. Citing *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276 (2013), which barred the use of the "modified categorical approach" in determining whether a predicate offense qualified as a "violent felony"

---

[1] "Cr. doc." citations refer to movant's criminal docket. "Doc." citations refer to the § 2255 civil docket.

under the Armed Career Criminal Act, Davis claims that he was improperly sentenced as a career offender. (Doc. 1 at 2-3.)

The motion is untimely under 28 U.S.C. § 2255(f)(1), which requires a movant to file a § 2255 motion within one year of the date his judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). The Court sentenced Davis on April 26, 2006. (Cr. doc. 32.) His appeal was decided on January 12, 2007. (Cr. doc. 40.) He did not file a petition for certiorari with the Supreme Court, so his conviction became "final" when the time for filing a certiorari petition expired. *Clay v. United States*, 537 U.S. 522, 524-25 (2003) ("For the purposes of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). Davis was entitled to petition for certiorari within 90 days of the entry of the judgment against him by the Eleventh Circuit. Sup. Ct. R. 13.1. Hence, his conviction became final on April 12, 2007, 90 days after the Eleventh Circuit's mandate. He had one year from that date to file his § 2255 motion. He did not file his motion, however, until September 2013, many years too late.

Davis implicitly invites the Court to find that his motion is timely under § 2255(f)(3), which provides that the one-year limitations period may run from "the date . . . the right asserted was initially recognized by the Supreme Court . . . and made retroactively available to cases on collateral review." 28 U.S.C. § 2255(f)(3). The Supreme Court, however, "has not declared its decision in *Descamps* to be retroactively applicable on collateral review, nor has the undersigned found any cases applying *Descamps* retroactively to cases on collateral review." *Strickland v. English*, 2013 WL 4502302 at *8 (N.D. Fla. Aug. 22, 2013); *Baldwin v. United States*, 2013 WL 6183020 at *2 n.4 (D. Md. Nov. 25, 2013) (collecting cases).

For all of the reasons explained above, Davis's petition should be **DISMISSED** as untimely. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an

appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 6TH day of December, 2013.

/s/ *signature*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA