IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 605-003 |
| | * | |
| ANTONIO S. DAVIS | * | |

O R D E R

In the captioned criminal matter, Defendant Antonio S. Davis has filed a "Motion for Clarification of Sentence." Davis appears to dispute his status as a career offender, and thus, believes he was improperly precluded from receiving the benefit of Amendment 782 to the United States Sentencing Guidelines. Amendment 782 revised the guidelines applicable to drug trafficking offenses under U.S.S.G. § 2D1.1.

In 2006, Davis pleaded guilty to possession with intent to distribute a quantity of cocaine hydrocholoride, a violation of 21 U.S.C. § 841(a)(1). Davis was determined to be a career offender as reflected in his Presentence Investigation Report ("PSI"). Thus, his sentencing guideline range was determined by reference to U.S.S.G. § 4B1.1. On April 25, 2006, Davis was sentenced to serve 178 months imprisonment on the possession charge. (Doc. 32.) Of note, Davis appealed his sentence, arguing that he should not have been sentenced as a career offender because his two prior convictions for aggravated assault should have been counted as

one. He later collaterally attacked his sentence under 28 U.S.C. § 2255, arguing that he was improperly sentenced as a career offender because his predicate offenses should not have been categorized as violent felonies. In making these post-conviction arguments, Davis implicitly acknowledges that he was sentenced as a career offender.

On February 11, 2015, this Court denied Davis's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) based upon Amendment 782. The Court determined that Davis was not eligible for a reduction because he was sentenced, not under § 2D1.1, but under § 4B1.1-the guidelines applicable to career offenders.

Through his present motion, Davis argues that the oral pronouncement of sentence and the written Judgment and Commitment Order are somehow different from the PSI's recommendation of career offender status, and he was actually sentenced "in accordance with the negotiated plea agreement." (Doc. 51, ¶ 7.) Davis's argument is simply erroneous. The oral pronouncement and written judgment reflect a sentencing guideline range of 151 to 188 months as determined under U.S.S.G. § 4B1.1. There is no conflict with the PSI. Moreover, the signed Plea Agreement does not promise or guarantee a specific sentence.

In short, Amendment 782 did not affect or amend the guideline ranges determined under U.S.S.G. § 4B1.1(b), which

2

is the sentencing guideline used to determine Davis's sentence. See United States v. Lawson, 686 F.3d 1317, 1321 (11th Cir. 2012) (stating that § 3582(c)(2) does not authorize a reduction in sentence where the defendant's total offense level and guideline range is based on § 4B1.1 as a career offender, and not § 2D1.1, and the subsequent reduction applies to the base offense levels in § 2D1.1, but not § 4B1.1). Accordingly, Amendment 782 did not lower Davis's offense level, and he not eligible for relief under that amendment. See United States v. Hippolyte, 712 F.3d 535, 542 (11th Cir. 2013) ("Section 3582(c)(2) does not authorize a sentence reduction if a guidelines amendment does not have the effect of reducing the defendant's sentence.").

Upon the foregoing, Defendant Antonio S. Davis's motion for clarification in this criminal case (doc. 51) is **DENIED**.[1]

**ORDER ENTERED** at Augusta, Georgia, this 31ST day of August, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Unfortunately, Davis filed the motion for clarification a few weeks before the passing of the Honorable B. Avant Edenfield, and the case was not immediately reassigned causing some delay in its consideration.

3